In the Matter of JOHNNIE J. ATKINS, Respondent, v. JOSEPH DE BREE, Doing Business as DE BREE GARBAGE REMOVAL, Respondent, and VETERANS' ADMINISTRATION, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, December 23, 1965.

252

*Justin J. Mahoney, United States Attorney,* and *Frank A. Dziduch, Assistant United States Attorney* (*Richard S. Salzman* and *Morton Hollander* of counsel), for appellant.

*Joseph E. Gagan* for claimant-respondent.

*Schwartz, Kobb, Freilich & Scheinert* (*Robert H. Freilich* of counsel), for Joseph De Bree, respondent.

*Martin Bergman* for Uninsured Employers Fund.

*Louis J. Lefkowitz, Attorney-General,* for Workmen's Compensation Board, respondent.

HERLIHY, J.  The claimant, following an injury sustained in an industrial accident, entered the Veterans' Administration hospital where he remained for a substantial period of time, receiving treatment for the injuries and for a nonrelated condition.  Application for reimbursement from the employer has been disallowed.

The statement for the hospital services failed to separate the expenses chargeable to the industrial accident from those of the nonrelated condition so that any award would be improper but we do not premise our decision on this technical objection.

The right to recover, if at all, is governed by section 13-h of the Workmen's Compensation Law, which reads in part as follows: " Hospitals maintained wholly by public taxation may treat only emergency cases under this chapter * * *.  This section shall not apply to · * * * any case where the

employer or carrier refuses or neglects to authorize any hospital services that may be required under this chapter after the employee shall have requested the employer or carrier to furnish the same ''.

It is not claimed that the emergency clause of the statute is applicable and the board so found. In affirming the Referee's decision the board found that the Veterans' Administration hospital was maintained wholly by public taxation and that the employer did not refuse or neglect to authorize any hospital services, which latter findings are not disputed on this appeal.

The rule enunciated in *United States* v. *St. Paul Mercury Ind. Co.* (238 F. 2d 594) seems applicable to the present facts. There a veteran was afflicted with poliomyelitis and was admitted to the Veterans' hospital pursuant to the authority of then section 706 of title 38 of the United States Code. He was the holder of an insurance expense policy covering this disease and which provided he would be paid '' ' for expenses actually incurred ' by him in required hospital care ''. The Veterans' Administration had the patient execute an assignment of his rights under the policy and during his stay at the hospital periodically submitted statements to the insurance company for the reasonable value of his care and treatment. (In the present instance the assignment was not filed for approximately 13 months following the accident and hospitalization.)

The insurance company refused to pay the claim, contending that the charges were not '' ' expenses actually incurred by the Insured ' '' as the veteran had qualified under the section of the code which entitled him to free care and treatment for his ailment and that under the circumstances the insured himself would not be entitled to any rights under the policy for care and treatment and accordingly, the insurance company could not be liable to the hospital as assignee of the insured veteran's rights. It should be noted that the insurance company did make payments for treatment in a private hospital and for outside therapy treatments.

Section 706 of the code provides for the care and treatment of patients when unable to defray the necessary expenses, irrespective of whether the disability, disease or defect was due to service. At page 596 the court, quoting from the statute, said: '' ' The statement under oath of the applicant on such form as may be prescribed by the Administrator of Veterans' Affairs shall be accepted as sufficient evidence of inability to defray necessary expenses.' '' The court, in denying the claim of the Veterans' Administration stated at page 598: '' In any such voluntary assignment made, however, the Administrator would

254

in any event not be able to obtain more legally than the veteran himself had. Here, the veteran had a right under his policy to have the insurer pay him only ' for expenses actually incurred ' by him. And what he was entitled under the statute to have furnished to him as a veteran beneficence, without obligation of any nature on his part therefor, and what he so accepted, could hardly legally be said, we think, to represent ' expenses actually incurred by the Insured '.''

So in the present instance the assignment given by Johnnie J. Atkins of any claim he might have against a liable third party is not enforcible because no medical expenses were actually incurred by him at the Veterans' hospital since by law treatment was free of charge.

Finally, as the respondent Workmen's Compensation Board argues, and which is the basic reason for our affirmance, the plain and ordinary meaning of section 13-h of the Workmen's Compensation Law establishes a complete and absolute bar to this claim for reimbursement by the Veterans' Administration. There is no question that the Veterans' Administration hospital is a hospital '' maintained wholly by public taxation ''. As such a hospital, therefore, it is barred by the express language of section 13-h from recovering its expenses in this case. Whether the section, originally enacted in 1935, has the same economic or social reasons for its existence now as it did at that time, and whether there are substantial reasons, other than those considered herein, for amending or repealing section 13-h, are matters for the Legislature to consider, not the courts.

The decision should be affirmed.

GIBSON, P. J., REYNOLDS, TAYLOR and AULISI, JJ., concur.

Decision affirmed, with costs to respondents filing briefs.